UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRIOT DISASTER SPECIALIST, LLC | CIVIL ACTION |
| VERSUS | NO. 23-7157 |
| DON MATHERNE, ET AL. | SECTION "R" (3) |

**ORDER AND REASONS**

Before the Court is defendant GeoVera Specialty Insurance Company's ("GeoVera") unopposed motion for summary judgment. Because GeoVera, as the removing defendant, has failed to meet its burden to demonstrate complete diversity for the purpose of establishing this Court's subject matter jurisdiction, the Court remands the case to state court.

**I. BACKGROUND**

This action was filed by plaintiff Patriot Disaster Specialist, LLC ("Patriot Disaster") in Louisiana state court to recover amounts allegedly owed for work it performed for water mitigation services.[1] In the state court petition, Patriot Disaster states that it is "a foreign limited liability company formed in the State of Florida, registered to do business in the State of

---

[1]   R. Doc. 3-2.

Louisiana, and at all times relevant conducted business in LaFourche Parish, Louisiana."[2] Patriot Disaster alleges that it entered into a water mitigation contract with defendants Don and Kelly Matherne, under which Patriot Disaster would perform certain water mitigation work at the Mathernes' property in Raceland, Louisiana, following Hurricane Ida.[3] Defendant GeoVera is the Mathernes' homeowner liability insurance carrier. Patriot Disaster alleges that the Matherne assigned it the right to pursue GeoVera directly under the insurance policy for the price of its covered services.[4]

Patriot Disaster brought several claims against the Mathernes to recover the balance due under the contract,[5] as well as claims against GeoVera for breach of its contractual obligation to timely pay the amounts owed under the policy and any accompanying statutory penalties.[6] GeoVera removed the action on December 4, 2023, asserting diversity jurisdiction, and stating that plaintiff is a "foreign limited liability company formed in the

---

[2]  *Id.* at ¶ 1.
[3]  *Id.* at ¶¶ 7-8.
[4]  *Id.* at ¶ 9. The water mitigation contract allegedly provided that the Mathernes agreed "that all cost[s], expenses and attorney's fees incurred by [Patriot Disaster] to collect money owed, will be added to the amount becoming due and payable." *Id.* at ¶ 11. The water service contract was allegedly attached as Exhibit 1 to Patriot Disaster's state court petition, but it was not included in the state court pleadings attached to GeoVera's notice of removal.
[5]  *Id.* at ¶¶ 19, 21.
[6]  *Id.* at ¶ 44.

2

State of Florida."[7]  Following removal, the Court dismissed defendant Don Matherne for Patriot Disaster's failure to effect service.[8]

GeoVera has moved for summary judgment on Patriot Disaster's claims against it.[9]  Patriot Disaster did not oppose the motion.  On May 23, 2024, this Court determined that neither Patriot Disaster nor GeoVera adequately alleged Patriot Disaster's citizenship, and it ordered GeoVera, as the removing party asserting federal jurisdiction, to submit evidence of plaintiff's citizenship by May 30, 2024.[10]  GeoVera did not respond to the Court's Order.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Federal courts must consider subject matter jurisdiction *sua sponte* if not raised by

---

[7]     R. Doc. 3.
[8]     R. Doc. 11.
[9]     R. Doc. 14.
[10]    R. Doc. 19.

the parties, *id.* at 919 (5th Cir. 2001), and, if it appears that it lacks subject matter jurisdiction at any time before final judgment, "[r]emand is required," *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Thus, "[a]ny 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co.,* 741 F.3d at 537 (citing *Acuna v. Brown Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Having a plaintiff and a defendant

who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business; for [a limited liability company (LLC)], it is that of any state where its members reside." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

### III. DISCUSSION

Because the "district court must be certain that the parties are in fact diverse before proceeding to the merits of the case," the party invoking diversity jurisdiction must properly allege the citizenship of all parties and show that there is complete diversity. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258-59 ("[The Fifth Circuit has] stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)) (emphasis in original)). If the removing party fails to properly allege diversity, and diversity is not evident elsewhere on the record, then the removing party should be given the

opportunity to amend the removal petition to cure any defective allegations of jurisdiction. *In re Allstate Ins. Co.*, 8 F.3d 219, 219 n.4 (5th Cir. 1993); 28 U.S.C. § 1653; *see also Leigh v. Nat'l Aeronautics and Space Admin.*, 860 F. 2d 652, 653 (5th Cir. 1988) (recognizing plaintiff should "at least be given the opportunity to amend his complaint to make a more complete statement of the court's jurisdiction over his claim").

Here, GeoVera, as the removing party asserting federal jurisdiction, fails to carry its burden to demonstrate complete diversity. *See Howery*, 243 F.3d at 919; *Garcia v. Kock Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Patriot Disaster is a limited liability company ("LLC"), the citizenship of which "is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted); *see also Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (finding that an LLC's citizenship for diversity purposes is that of its members). This Court previously determined that neither Patriot Disaster in its petition, nor GeoVera in its notice of removal, adequately alleged Patriot Disaster's citizenship.[11] The citizenship of Patriot Disaster's

---

[11] R. Doc. 19. Plaintiff Patriot Disaster Specialists, LLC alleges in its petition that it is "a foreign limited liability company formed in the State of Florida, registered to do business in the State of Louisiana, and at all times relevant conducted business in LaFourche Parish, Louisiana." R. Doc. 3-2 at ¶ 1. GeoVera's notice of removal states only

members is not apparent elsewhere in the record. *See In re Allstate Ins. Co.*, 8 F.3d at 219 n. 4 (recognizing the possibility of other facts in the record identifying a party's citizenship). The Court gave GeoVera the opportunity to cure its defective jurisdictional allegations, and it failed to do so. *See* 28 U.S.C. § 1653. This Court "cannot presume the existence of federal jurisdiction." *Howery*, 243 F.3d at 919. Because GeoVera has "fail[ed] to meet [its] burden" of "establishing diversity," *id.*, the Court finds that diversity jurisdiction does not exist to warrant removal.

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS this case to the 17th Judicial District Court, LaFourche Parish, Louisiana.

New Orleans, Louisiana, this __18th__ day of June, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

that plaintiff is "a foreign limited liability company formed in the State of Florida." R. Doc. 3 at 2.